# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE EVERETT,<br><br>        Petitioner,<br><br>    v.<br><br>BERNIE ELLIS, Warden, et al.<br><br>        Respondents. | 1:04-cv-06313-REC-TAG HC<br><br>REPORT AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (Doc. 1) |

      Petitioner is a federal prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

      On September 24, 2004, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Eastern District of California, Fresno Division. (Doc. 1). The form petition sets forth a single ground for relief, i.e., that the Board of Prisons has promulgated and applied a policy limiting Petitioner's good-time credits to an amount less than that to which he claims he is entitled under 18 U.S.C. § 3624(b). (Doc. 1, p. 2.) . On February 23, 2005, the Court ordered Petitioner to file an amended petition correcting certain defects in the original petition, specifically the naming of an improper respondent, failure to use the appropriate form for filing the petition, and the omission of information from which the Court could determine whether, if at all, Petitioner had exhausted his administrative remedies prior to filing his petition. (Doc. 5). On March 9, 2005, Petitioner filed an amended petition in which he

concedes he has not exhausted his administrative remedies. (Doc. 6). The Court has reviewed that Petition and, finding that Petitioner has not exhausted his administrative remedies, recommends that the Petition be dismissed.

### DISCUSSION

A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative and judicial remedies. Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984). It is only after a petitioner has fully exhausted his administrative remedies that he becomes entitled to present his claims to the federal court. See United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir.1982). In Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir.1983) (per curiam), the Ninth Circuit explained why a petitioner must first exhaust his administrative remedies before filing for habeas relief: "The requirement of exhaustion of remedies will aid judicial review by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings. See Chua Hah Mow, 730 F.2d at 1313.

In this regard, the Bureau of Prisons has established an administrative remedy procedure governing prisoner complaints. The procedure is set forth at 28 C.F.R. §542.10 et. seq. First, an inmate must attempt to resolve the issue informally by presenting it to staff before submitting a Request for Administrative Remedy. 28 C.F.R. §542.13. If dissatisfied with the response, a prisoner may proceed with the formal filing of an Administrative Remedy Request. 28 C.F.R. §542.14. Upon denial by the institution, a prisoner may appeal the decision by filing a complaint with the Regional Director of the Bureau of Prisons. 28 C.F.R. §542.15. A prisoner can appeal the Regional Director's decision by submitting his appeal to the General Counsel in Washington, D.C. Id. Appeal to the General Counsel is the final administrative appeal in the administrative remedy process. Id. However, there is an exception to the three level requirement; appeals concerning inmate discipline hearings before the Discipline Hearing Officer (DHO) are filed

///

1  directly at the Regional Office level.  If a prisoner wishes to appeal the Regional Office decision,
2  he files the subsequent appeal at the Office of General Counsel.
3        The exhaustion requirement, however, is subject to exception.  Unlike the situation in
4  which a state prisoner petitions for writ of habeas corpus, exhaustion of administrative remedies
5  is not a jurisdictional requirement in the context of a federal prisoner's habeas corpus petition.
6  E.g., Brown v. Rison, 895 F.2d at 535.  Because the exhaustion requirement was judicially
7  created, it is not a statutory requirement.  Chua Han Mow, 730 F.2d at 1313; Montgomery v.
8  Rumsfeld, 572 F.2d 250, 252 (9th Cir.1978).  Because no statute mandates exhaustion,
9  exhaustion is not jurisdictional.  Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209,
10 1223 (9th Cir.1987), *cert. dismissed*, 488 U.S. 935 (1988); Montgomery, 572 F.2d at 252.  Thus,
11 the court may, in its discretion, excuse a petitioner's failure to exhaust and reach the merits of the
12 claim.  Id.; MacCarthy v. Madigan, 503 U.S. 140, 144-145, 112 S.Ct. 1081, 1086-87 (1992);
13 Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990).  "Where exhaustion of administrative
14 remedies is not jurisdictional, the district court must determine whether to excuse the faulty
15 exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies
16 before proceeding in court."  Brown, 895 F.2d at 535.
17       In this case, Petitioner has admitted in his Petition that he has not exhausted his
18 administrative remedies before filing the instant Petition.  In answer to the question on the form
19 petition asking, "Have you presented the claims raised in Question #9 of this petition to prison
20 officials in a prison administrations appeal?", Petitioner answered "no."  (Doc. 1, p. 3).
21 Petitioner then explains, "Taft Inst[itution] has stated that they have no authority to adjust good
22 time days."  (Id.).  In support of this, Petitioner attaches a memorandum from Cheryl D. Lane
23 dated June 23, 2004, addressed to the "Staff and Inmate Population" of the Taft Correctional
24 Institution, indicating that because the Bureau of Prisons has not been mandated to make good
25 time credit changes, such credits "will continue to be calculated as it has been in the past until the
26 Bureau of Prisons receives further notification from the court."  (Doc. 1, Attachment).  In the
27 spaces for providing information regarding the Second, Third, and Fourth Administrative
28 Appeals, Petitioner has indicated "N/A."  (Doc. 1, pp. 3-4).

From the foregoing, it is clear that Petitioner has not exhausted any of his administrative remedies. Moreover, Petitioner has not established good cause for failing to exhaust those remedies. See Laws v. Stock, 977 F.2d 589 (9th Cir. 1992). Impliedly, the Petition argues that exhaustion would be futile since the officials at the Taft Correctional Institution have indicated they have no authority over the Bureau of Prison's decision regarding how good time credits are awarded. This position is unpersuasive.

While it may be true that any attempt to alter the prison's position on the award of good time credits through the administrative review process would be arduous, Petitioner has not shown that such an attempt would be futile. Pursuing such remedies serves the dual purpose of affording Petitioner his only realistic chance for relief while at the same time permitting the administrative agency a meaningful opportunity to correct the alleged error. See Ruviwat v. Smith, 701 F.2d at 845. Petitioner, however, has declined to submit his claim for review by either the Regional Director of the Bureau of Prisons or that agency's General Counsel. In so doing, he has also forfeited his opportunity to seek relief in this Court in a petition for writ of habeas corpus.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1), be DISMISSED for failure to exhaust administrative remedies.

This Report and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling

///

4

pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     April 26, 2005**                                  /s/ Theresa A. Goldner
j6eb3d                                                             UNITED STATES MAGISTRATE JUDGE